Filed 8/10/21  Gleizer-Cerbu v. Cal. Dept. of Social Services CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| ADRIAN GLEIZER-CERBU, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> CALIFORNIA DEPARTMENT OF SOCIAL SERVICES, <br><br> Defendant and Respondent. | D077290 <br><br><br> (Super. Ct. No. 37-2014-00027970-CU-WM-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Gregory W. Pollack, Judge.  Reversed.

Adrian Gleizer-Cerbu, in pro. per., for Plaintiff and Appellant.

Rob Bonta, Attorney General, Cheryl L. Feiner, Assistant Attorney General, Richard T. Waldow, Gregory D. Brown and Julie T. Trinh, Deputy Attorneys General for Defendant and Respondent.

Adrian Gleizer-Cerbu appeals after the trial court entered judgment dismissing his administrative mandate writ petition for failing to bring the case to trial within five years.  (Code Civ. Proc., § 583.310.)[1]  Although defendant California Department of Social Services (Department) brought the dismissal motion, it now agrees the dismissal was improper because the five-year period was tolled while the matter was remanded for administrative proceedings.  (See § 583.340.)  We agree and reverse the judgment.

RELEVANT FACTS AND PROCEDURE

In January 2013, Gleizer-Cerbu applied for benefits under the In-Home Supportive Services program and the Personal Care Services Program.  (See Welf. & Inst. Code, § 14132.95.)  After the County of San Diego (County) denied the application, Gleizer-Cerbu filed a challenge with the Department. On July 3, 2013, the Department held an administrative hearing on Gleizer-Cerbu's challenge.  Six weeks later, on August 15, the Department upheld the County's denial, finding Gleizer-Cerbu could perform routine activities of daily living without the need for the requested benefits.

One year later, on August 18, 2014, Gleizer-Cerbu petitioned the superior court for a writ of administrative mandate seeking to overturn the Department's determination.  (See Welf. & Inst. Code, § 10962.)

In connection with this petition, the Department agreed to produce a record of the administrative proceedings.  (See § 1094.6.)  However, in September 2015, the Department requested that the court remand the matter for a new administrative hearing because the record of the 2013 administrative proceedings could not be found.

Shortly after, on September 18, 2015, the court ordered the Department to set aside its August 2013 decision and remanded the matter

_____

[1]     Unspecified statutory references are to the Code of Civil Procedure.

for a new administrative hearing on the issue whether the County properly denied Gleizer-Cerbu's 2013 benefit application.

Pursuant to this order, on September 16, 2016, the new administrative hearing was held, and the Department again denied Gleizer-Cerbu's benefit claim.

On October 2, 2017, Gleizer-Cerbu moved in the superior court to quash or set aside the Department's 2016 administrative decision based on evidence showing the Department recently found the administrative record from the July 2013 administrative hearing.

Two days later, on October 4, 2017, the court held a hearing and offered Gleizer-Cerbu the option of either: (1) proceeding with his August 2014 writ of mandate petition challenging the August 2013 decision; or (2) dismissing the August 2014 petition and proceeding with the filing of a new writ of mandate petition to dispute the Department's 2016 decision. Gleizer-Cerbu elected the first option: seeking relief on his original August 2014 writ of mandate petition based on the recently discovered 2013 administrative record. The court then issued an order affirming this election and ordered the Department to prepare the administrative record.

Based on the court's order, on October 4, 2017, the Department set aside the 2016 administrative decision, and reinstated its decision issued on August 15, 2013.

During the next year, Gleizer-Cerbu brought motions in the superior court in an effort to add to, or clarify, the contents of the administrative record for the 2013 hearing.

On August 30, 2019, the Department moved to dismiss Gleizer-Cerbu's August 18, 2014 administrative mandate petition on the ground that he failed to bring the case to trial within the mandatory five-year period.

3

(§§ 583.310, 583.360.)  The Department argued the five-year period had expired, and there were no applicable exceptions.

Gleizer-Cerbu (who was unrepresented) did not file a written response, but filed an ex parte petition claiming the Department had violated his due process rights.

In November 2019, the court held a hearing on the Department's dismissal motion.  Gleizer-Cerbu appeared at the hearing (which was not reported).  After the hearing, the court granted the Department's motion, and dismissed Gleizer-Cerbu's action with prejudice based on the five-year statutory deadline. (§ 583.310.)

## DISCUSSION

Gleizer-Cerbu contends the court erred in dismissing his case because it applied the five-year dismissal statute without considering the delays resulting from the lost administrative record, and "the time when the action was stayed or enjoined."

"An action shall be brought to trial within five years after the action is commenced against the defendant."  (§ 583.310.)  If this deadline is not met, the action "shall be dismissed by the court on its own motion or on motion of the defendant . . . ."  (§ 583.360, subd. (a).)  This requirement is "mandatory and [is] not subject to extension, excuse, or exception *except as expressly provided by statute*."  (§ 583.360, subd. (b), italics added; see *Gaines v. Fidelity National Title Ins. Co.* (2016) 62 Cal.4th 1081, 1090 (*Gaines*).)

The statutory exceptions are contained in section 583.340, which provides:  "In computing the time within which an action must be brought to trial pursuant to this article, there shall be excluded the time during which any of the following conditions existed:  [¶]  (a) The jurisdiction of the court to try the action was suspended.  [¶]  (b) Prosecution or trial of the action was

4

stayed or enjoined. [¶] (c) Bringing the action to trial, for any other reason, was impossible, impracticable, or futile."

Although the Department previously argued that none of these exceptions applied, it now acknowledges dismissal was not appropriate because the impossibility exception applies. (§ 583.340, subd. (c).) The Department accepts it would have been "impossible" or "impracticable" for Gleizer-Cerbu to assert the claims in his August 2014 petition for 747 days— from the time the matter was remanded to the administrative agency (on September 18, 2015) until the reinstatement of the August 2013 administrative determination (on October 4, 2017).

We agree the impossibility exception applies. Based on the Department's statement it could not find the administrative record, on September 18, 2015 the court ordered the Department to set aside its August 2013 administrative decision and remanded the matter for a new administrative hearing on the issue whether Gleizer-Cerbu's January 2013 benefit application was properly denied. Once the Department's decision was set aside, it would have been impossible, or at least futile, for Gleizer-Cerbu to litigate his August 2014 writ of mandate petition challenging this invalidated decision. (§ 583.340, subd. (c).) This tolling ended when the Department's August 2013 determination was reinstated on October 4, 2017. Under these circumstances, any litigation during the time the August 2013 administrative determination had been vacated would have been moot because there was no longer an existing administrative decision to challenge.

We also find applicable the tolling provision in section 583.340, subdivision (b): "Prosecution or trial of the action was stayed or enjoined." The applicability of this exception depends on whether a court order "is functionally in the nature of a stay," and the label used "is not dispositive of

5

the inquiry." (*Gaines, supra,* 62 Cal.4th at p. 1092.) A stay generally "refers to those postponements that freeze a proceeding for an indefinite period, until the occurrence of an event that is usually extrinsic to the litigation and beyond the plaintiff's control." (*Ibid.*)

These factors existed here. The undisputed record shows that on September 2015, the court issued an order placing on hold Gleizer-Cerbu's August 2014 writ of mandate petition, pending the new administrative hearing. This new hearing was extrinsic to the litigation and its precise timing was beyond Gleizer-Cerbu's control. Then on October 4, 2017, when the court reinstated the Department's determination (based on Gleizer-Cerbu's election) and permitted Gleizer-Cerbu to proceed with his original August 2014 petition, the hold was vacated and Gleizer-Cerbu was permitted to proceed with prosecuting his 2014 petition. Under these circumstances, the court's September 2015 order remanding the matter for a new administrative hearing amounted to a "stay" of the "[p]rosecution or trial of the action" within the meaning of section 583.340, subdivision (b).

Based on these determinations, we agree with the parties we must reverse the judgment. A trial court must exclude from the five-year count any time during which litigation was impossible and/or when the matter was stayed. (§ 583.340, subds. (b), (c).)

Gleizer-Cerbu raises several additional arguments regarding the substance of his petition. However, because these issues have not yet been litigated and the court did not address them, we do not have the authority to reach these arguments, nor do we consider the lodged exhibits that relate solely to those issues.

On remand, the superior court shall ensure Gleizer-Cerbu's claims are resolved in a timely manner, including consideration of granting a trial

6

preference under § 36.  The Department should cooperate fully in moving this case to a final conclusion.  Pursuant to the parties' agreement at oral argument, the remittitur shall issue immediately.

DISPOSITION

Judgment reversed.  Respondent to bear appellant's costs on appeal.


HALLER, J.

WE CONCUR:


McCONNELL, P. J.


DATO, J.